**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **PTD ENTERPRISES, LLC, *et al*.,** : | |
| : | |
| **Plaintiffs** : | **CIVIL ACTION NO. 3:14-1860** |
| : | |
| **v.** : | |
| : | **(JUDGE MANNION)** |
| **HOSPITALITY TRADE PROGRAM, LLC, *et al.,*** : | |
| : | |
| **Defendants** : | |

### MEMORANDUM

Pending before the court are plaintiffs' motion for entry of default judgment and request to set a hearing on damages, (Doc. 13), and defendants' motion to set aside the default which was entered against them for failure to respond to plaintiffs' amended complaint, (Doc. 16). In support of their motion, defendants argue *inter alia*: that service upon some of the defendants was not proper; that they have meritorious defenses to plaintiffs' claims; that venue is not proper in this court; that the default was not caused by any culpable conduct on their part; and that plaintiffs will not be prejudiced if the default is set aside. The defendants' motion has been briefed. The court shall grant defendants' motion to set aside the default and deny plaintiffs' motion for entry of default judgment.

**I.     BACKGROUND**

Plaintiffs, PTD Enterprise, LLC and Phil Van Wetterling (hereinafter

"PTD"), filed their initial complaint on September 14, 2014, (Doc. 1). The jurisdictional statement in the complaint was insufficient to invoke diversity jurisdiction and the subject matter jurisdiction of the court. As such, the complaint was dismissed without prejudice, under Fed.R.Civ.P. 12(h)(3), and plaintiffs were directed to file an amended complaint if they could properly allege diversity jurisdiction. (Doc. 4). An amended complaint was filed on October 13, 2014, against 14 defendants alleging, in part, that they beached a contract with plaintiffs for the purchase of numerous flat screen televisions for installation in several hotels owned by defendants in Florida, Alabama and Georgia. (Doc. 5). Plaintiffs then purportedly served defendants and filed executed returned proofs of service indicating that all defendants were properly served. (Doc. 6, Doc. 10). When defendants failed to timely respond to the amended complaint, plaintiffs filed a request for entry of default, pursuant to Fed.R.Civ.P. 55(a), on February 17, 2015. (Doc. 11). The Clerk of Court entered default the next day. (Doc. 12).

On March 1, 2015, plaintiffs filed a motion for entry of default judgment, under Fed.R.Civ.P. 55(b)(2), with an affidavit in support, and a request for the court to set a hearing to determine damages since their claim was not for a sum certain. (Docs. 13, 13-1). On March 18, 2015, Michael Donahue entered his appearance as counsel for all 14 defendants. (Doc. 14). On March 24, 2015, Scott Etish entered his appearance only for defendants Howard Johnson, Howard Johnson Express, Travelodge Gulf Shores, Days Inn and

Super 8.[1] (Doc. 15).  On March 26, 2015, all defendants jointly filed a motion to set aside the default, under Fed.R.Civ.P. 55(c), and a brief in support. (Docs. 16, 17). Plaintiffs filed their brief in opposition on April 8, 2015. (Doc. 19). On April 17, 2015, defendants  Howard Johnson, Howard Johnson Express, Travelodge Gulf Shores, Days Inn and Super 8 along with non-party Wyndham Worldwide Corporation filed a reply brief in support of the motion to set aside the default with an attached affidavit and exhibits. (Doc. 20, Doc. 20-1, Doc. 20-2).On April 20, 2015, defendants Hospitality Trade Program, LLC, LHS Gulf Shores, Inc., Jay Patel, Nares Patel, Philippe Gonzales, Alexander Gases, and Manson (misspelled as Magnunson)  filed a motion for an extension of time until May 1, 2015, to file their reply brief in support of the motion to set aside the default. (Doc. 23).

**II.   DISCUSSION**

The court finds that all defendants are entitled to have the default

---

[1]Defendants Howard Johnson, Howard Johnson Express, Travelodge Gulf Shores, Days Inn and Super 8 are thus represented by their own counsel, Scott Etish. Attorney Etish does not indicate if he represents both Days Inn defendants, one located in Milledgeville, Georgia, and the other located in Forsyth, Georgia, which are both alleged to by owned by Wyndham Worldwide Corporation. (See Doc. 5, ¶'s 13-14). As such, Attorney Etish is directed to advise the court forthwith if he represents both Days Inn defendants. Defendants Hospitality Trade Program, LLC, LHS Gulf Shores, Inc., Red Roof Inn, Jay Patel, Nares Patel, Philippe Gonzales, Alexander Gases, and Manson are now represented by Michael Donahue. (See Doc. 24).

entered against them set aside under Rule 55(c), since there is no prejudice to plaintiffs, the proceedings will not be adversely impacted, they allegedly have meritorious defenses to plaintiffs' claims, and they have shown good cause and acted in good faith. Since defendants' motion to set aside the default will be granted, the court will deny the motion for an extension of time of defendants Hospitality Trade Program, LLC, LHS Gulf Shores, Inc., Jay Patel, Nares Patel, Philippe Gonzales, Alexander Gases, and Manson to file a reply brief as it is moot.

The court may set aside an entry of default for good cause shown. Fed.R.Civ.P. 55(c). It is within the discretion of the court as to whether an entry of default should be set aside. *See* Damboch v. United States, 211 Fed. Appx. 105, 109 (3d Cir. 2006). The court must consider the following three factors in determining whether to set aside an entry of default: (1) whether the defendant has a meritorious defense; (2) whether the plaintiff would be prejudiced by vacating the default; and (3) whether the default occurred as a result of the defendant's culpable conduct. Id. *See also* Budget Blinds, Inc. v. White, 536 F.3d 244, 256 (3d Cir. 2008) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)). Any doubt should be resolved in favor of setting aside the default and reaching a decision on the merits. Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir. 1983);*see also* Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73-74 (3d Cir. 1987); U.S. v. $55,158.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984).

Courts do not favor default and prefer to decide cases on their merits. The court applies a standard of "liberality" and not one of "strictness" in deciding a motion to set aside a default. Medunic v. Lederer, 533 F.2d 891, 893–94 (3d Cir.1976)) (citation omitted); United States v. $55,518.05 in U.S. Currency, 728 F.2d at 195. Additionally, "[l]ess substantial grounds may be adequate for setting aside a default than would be required for opening a judgment." Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 656 (3d Cir. 1982).

Initially, defendants point out that service upon five defendants was not proper since plaintiffs merely served an entity that was not involved with this case. Specifically, defendants state that plaintiffs served the summons and amended complaint regarding defendants Howard Johnson, Howard Johnson Express, Travelodge Gulf Shores, Days Inn and Super 8 ("Wyndham Defendants") by serving a representative of Wyndham Worldwide Operations, Inc. ("WWO"). (*See* Doc. 6, at 22, 24, 26, 28, 30, 32, 34). Defendants contend that WWO does not own or operate any guest lodging facilities that are the subject of this case, and that it is not a party to any of the alleged contracts at issue in this case. As such, defendants maintain that service on WWO does not constitute service upon the five named Wyndham Defendants.

According to defendants, service on WWO, a subsidiary of Wyndham Worldwide Corporation ("WWC") that is only responsible for providing payroll and related service to WWC, does not amount to proper service of process

on defendants Howard Johnson, Howard Johnson Express, Travelodge Gulf Shores, Days Inn and Super 8. In the April 17, 2015 Affidavit of Coleman Lechner, senior counsel at Wyndham Worldwide attached to Wyndham Defendants' reply brief, Doc. 20-1, he avers that Wyndham Defendants were not properly served since only a representative of WWO was served on behalf of these defendants.[2] He also correctly points out that WWO is not a named party in the amended complaint and there are no allegations made against it.

Thus, if service of process was not sufficient to confer jurisdiction upon this court regarding the five Wyndham Defendants, default as to these defendants would have to be set aside. *See* Smith v. Rebstock, 477 Fed.Appx. 884, 885(3d Cir. 2012)("default judgment cannot be entered on a complaint that has not been validly served.") (citing Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1304 (3d Cir. 1995) ("if a default judgment had been entered when there had not been proper service, the judgment is, [], void, and should be vacated.").

Nonetheless, since defendants have not yet filed an appropriate motion

---

[2] In his Affidavit, Lechner states that Super 8 is properly Super 8 Worldwide, Inc., Howard Johnson and Howard Johnson Express are properly Howard Johnson International, Inc., that Days Inn is properly Days Inns Worldwide, Inc., and that Travelodge Gulf Shores is properly Travelodge Hotels, Inc. (Doc. 20-1, at 2). Lechner does not indicate if both Days Inns defendants are properly known as Days Inns Worldwide, Inc. Attorney Etish is directed to clarify this matter. Plaintiffs' counsel are directed to verify if they have correctly named the Wyndham Defendants and if they have not, they are directed to correct the names of these defendants.

to challenge service of process, under Fed.R.Civ.P. 12(b)(5), with respect to defendants Howard Johnson, Howard Johnson Express, Travelodge Gulf Shores, Days Inn and Super 8, the court will consider the three factors stated above as to all 14 defendants to determine if the entry of default should be set aside. The contention that service on the Wyndham Defendants was not proper will be considered with respect to the first factor, *i.e.*, as a meritorious defense. In fact, Wyndham Defendants state that they anticipate filing a motion to dismiss the amended complaint as against them for improper service of process under Rule 12(b)(5). (Doc. 20, at 7).

    1. *Meritorious Defense*

"A meritorious defense exists if the alleged facts which, 'if established at trial, would completely bar plaintiff['s] recovery." Jackson v. Delaware County, 211 F.R.D. 282, 284 (E.D.Pa. 2002) (citations omitted). The defaulting party is not required to "prove beyond a shadow of a doubt that [they] will win at trial, but merely to show that [they have] a defense to the action which at least has merit on its face." Dizzley v. Friends Rehabilitation Program, Inc., 202 F.R.D. 146, 148 (E.D.Pa. 2001) (citations omitted). Thus, defendants are required to "allege specific facts beyond simple denials or [conclusory] statements." $55,518.05 in U.S. Currency, 728 F.2d at 195 (citations omitted).

    In their amended complaint, plaintiffs allege that they had a contract

with each of the 15 defendants to sell them flat screen televisions with remote controls for defendants' hotels, that the televisions were of good and merchantable quality, and that defendants used the televisions in their hotels and failed to pay for them. Plaintiffs claim that defendants owe them in excess of $200,000 and they seek punitive damages. In addition to the breach of contract claim, plaintiffs assert breach of implied covenant of good faith and fair dealing, breach of contract implied in law and implied in fact, account stated, negligent misrepresentation, fraudulent representation, tortious interference with contractual relations, and civil conspiracy.

Defendants have asserted allegedly meritorious defenses to plaintiffs' claims. As stated, Wyndham Defendants assert that they were not properly served in this case. They also contend that "[n]either WWC nor WWO has a relationship, contractual or otherwise, with the owner/operator of the facilities at issue in the litigation." (Doc. 20, at 8, Doc. 20-2). As such, Wyndham Defendants maintain that they did not have a contract with plaintiffs. Also, regarding the breach of contract claims, defendants state that there was no contract requiring direct payment upon delivery of the televisions, the televisions were defective and not compatible with universal remote controls, and certain hotels could not redeem coupons as agreed when rooms with the televisions were rented since the televisions were defective. Defendants also state that plaintiffs did not have any contractual relationship with the guest lodging facilities mentioned in their pleading. Further, defendants state that

plaintiffs had no contract with individual defendants Jay Patel, Nares Patel, Philippe Gonzales and Alexander Gases. Additionally, defendants contend that venue in this court is not proper since defendant LHS Gulf Shores, Inc., does not conduct business in this district and since none of the defendant hotels are located in this district. As to the remaining claims raised by plaintiffs, defendants assert that they are barred by the gist of the action doctrine.

While plaintiffs argue that defendants' proffered defenses will not prevail at trial and dispute that defects with the televisions existed, defendants are not required to prove that they will win at trial to have the default set aside. Rather, defendants only have to demonstrate that they have defenses to the claims which at least facially have merit. *Dizzley, supra*. Defendants have met this standard with respect to plaintiffs' contract claims.

Plaintiffs also contend that the gist of the action doctrine does not bar their tort claims. The Pennsylvania Supreme Court in Bruno v. Erie Ins. Co., 106 A.3d 48 (Pa. 2014), addressed the gist of the action doctrine to determine whether a claim was properly a tort claim or whether the true gist or gravamen of the claim was for breach of a contract which existed between the parties. In *Bruno*, the court stated that "[i]f the facts of a particular claim establish that the duty breached is one created by the parties by the terms of their contract—i.e., a specific promise to do something that a party would not ordinarily have been obligated to do but for the existence of the

contract—then the claim is to be viewed as one for breach of contract." Id., at 68. (citations omitted). "If, however, the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract, then it must be regarded as a tort." Id. Thus, defendants would have to show that plaintiffs' allegations of negligence facially concern their alleged breach of a general social duty and not a breach of any duty created by the contract itself. Id. At this stage of the case, the gist of the action defense to plaintiffs' tort claims appear to have merit on its face.

Wyndham Defendants also state that the economic loss doctrine prohibits plaintiffs from recovering on their tort claims when the economic losses which they allegedly suffered arise only from contract. The court finds that this doctrine could also be a meritorious defense to plaintiffs' claims raised in Counts VI-IX. These claims of plaintiffs for economic injury unattended by physical injury or damage to real or personal property may be barred by the economic loss doctrine. *See* Sovereign Bank v. B.J.'s Wholesale Club, Inc., 395 F. Supp. 2d 183 (M.D. Pa. 2005), affirmed by 533 F.3d 162 (3d Cir. 2008); First United Bank & Trust v. PNC Financial Services Group, Inc., 667 F.Supp.2d 443, 455-56 (M.D. Pa. 2009); Adams v. Copper Beach Townhome Cmtys., L.P., 816 A.2d 301, 305 (Pa.Super. 2003); *see also* Werwinski v. Ford Motor Co., 286 F.3d 661, 675 (3d Cir. 2002) (The Third Circuit has predicted that the Pennsylvania Supreme Court would

extend the economic loss doctrine beyond negligence and strict liability to include even cases of intentional fraud.).

### 2. *Plaintiffs' Prejudice by Vacating the Default*

"Setting aside an entry of default prejudices a plaintiff where it results in 'loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." Feliciano v. Reliant Tooling Co.*,* 691 F.2d at 657. Plaintiffs will not be prejudiced by setting aside the default at this early stage of the case where their amended complaint was filed on October 13, 2014, and no discovery has been conducted. Plaintiffs argue that they have suffered great monetary loss and damage to their reputation due to defendants' conduct, that defendants have delayed the resolution of this dispute for the past four years, and that they have diligently pursued their case and were prepared to present evidence to the court on their damages. "Delay in realizing the satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening of a default [] entered at an early stage of the proceeding." Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d at 656-57 (citation omitted). Plaintiffs' ability to pursue their claims have not been hindered since the entry of default. They do not suggest loss of available evidence and they do not support their contention that the setting aside of the default may result in increased potential for fraud or collusion by defendants. The record simply does not show plaintiffs will suffer prejudice if

11

the default is set aside.

    3. *Culpable Conduct of Defendants*

"A defendant's conduct is culpable where its delay in answering is willful or in bad faith." *Feliciano,* 691 F.2d at 657. More than mere negligence must be demonstrated. *Hurtz v. Woma Corp.,* 732 F.2d 1178, 1183 (3d Cir. 1984). Determining whether neglect is excusable is an "equitable" determination that "takes account of all relevant circumstances surrounding the party's omission." *Manus Corp. v. NRG Energy, Inc.,* 188 F.3d 116, 125 (3d Cir. 1999) (citation omitted). "For the purposes of Rule 55, culpable conduct is 'dilatory behavior that is willful or in bad faith." Dizzley, 202 F.R.D. at 148 (citation omitted). "[E]vidence of dilatory intent must appear independently in the record." Id. (citation omitted).

Defendants' conduct in delaying the filing of a response to plaintiffs' amended complaint does not rise to the requisite level of culpable conduct. While defendants' "explanation for [their] failure to answer [plaintiff's amended] complaint may demonstrate negligence that had a dilatory result, [] it does not demonstrate dilatory intent or bad faith." Id. Defendants state that "with the multiplicity of named defendants, the primary defendant, Hospitality Trade Program, LLC had to contact every corporation and every hotel to get authority to represent all of the named defendants." (Doc. 17, at 10). Plaintiffs attempt to present evidence of dilatory intent. They submit, as

12

attachments to their brief, (Doc. 19, at 15-18), documents to show that defendants, via counsel, referred them in November 2014 to an attorney, Frank C. Fusco, who purportedly represented he was willing to discuss the damages in this case to resolve the matter and that this attorney was then administratively suspended from practicing law in Pennsylvania as of December 2014. Wyndham Defendants attached exhibits to their reply brief, (Doc. 20-2), to support their contentions that they were not culpable for failing to timely respond to plaintiffs' pleading due to Fusco's inaction, and that their delay was not intentional.

In resolving all doubts in favor of defendants as required, Dizzley, 202 F.R.D. at 148 (citation omitted), the submitted evidence by plaintiffs and Wyndham Defendants shows defendants' conduct did not rise to the level of culpable conduct. Also, there is nothing submitted to suggest that any defendant knew Fusco was or would be suspended and that they were acting in bad faith by referring plaintiffs to Fusco to discuss and try to resolve the case.

### III. CONCLUSION

Since no prejudice will result to plaintiffs if the court sets aside default, since defendants have alleged meritorious defenses to plaintiffs' claims and, since defendants did not act with dilatory intent, defendants' motion to set aside the entry of default, Doc. 16, shall be **GRANTED**. The motion for an

extension of time of defendants Hospitality Trade Program, LLC, LHS Gulf Shores, Inc., Jay Patel, Nares Patel, Philippe Gonzales, Alexander Gases, and Manson to file a reply brief, Doc. 23, shall be denied as moot. Because the entry of default shall be set aside, plaintiffs' motion for default judgment, Doc. 13, shall be denied.  An appropriate order shall be issued.


        s/ *Malachy E. Mannion*
        **MALACHY E. MANNION**
        **United States District Judge**

**Date: April 24, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1860-01.wpd